UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NAYCHA V.,

                Plaintiff,

v.                                                                                          CASE NO 1:21-cv-00682 (JGW)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, NY 14226 | MELISSA M. KUBIAK, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | NAHID SOROOSHYARI, ESQ. |

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is DENIED, the defendant's motion for

1

judgment on the administrative record is GRANTED, and the decision of the Commissioner is AFFIRMED.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on December 2, 1991, and has less than a high school education. (Tr. 317, 322). Generally, plaintiff's alleged disability consists of mental problems, anxiety, stress, and depression. (Tr. 316). Plaintiff had a prior allowance in July 2015 for a closed period of benefits from November 2012 to April 2014. (Tr. 96-117).

### B. Procedural History

On June 21, 2019, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI, of the Social Security Act. (Tr. 28). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (ALJ). On November 13, 2020, plaintiff appeared telephonically before ALJ Kieran McCormack.[1] (Tr. 45-76). On November 19, 2020, ALJ McCormack issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 22-38). On April 30, 2021, the Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-5). Thereafter, plaintiff timely sought judicial review in this Court.

---

[1] A telephonic hearing was initially scheduled for June 1, 2020, but plaintiff could not be reached by her attorney or the court. Therefore, the ALJ offered to reschedule the hearing. (Tr. 89-90).

**C.    The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since June 21, 2019, the application date (20 CFR 416.971 et seq.).

2. The claimant has the following severe impairments: major depressive disorder, posttraumatic stress disorder, anxiety and rule out learning disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels except that the claimant can work at low stress jobs, defined as jobs containing no more than simple, routine, and repetitive tasks, involving only simple work related decisions; with few, if any, workplace changes; and where there is only occasional interaction with supervisors, coworkers, and/ or the general-public.

5. The claimant has no past relevant work (20 CFR 416.965).

6. The claimant was born on December 2, 1991 and was 27 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has a limited education (20 CFR 416.964).

8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since June 21, 2019, the date the application was filed (20 CFR 416.920(g)).

(Tr. 22-39).

## II. THE PARTIES' BRIEFINGS

### A. Plaintiff's Arguments

Plaintiff argues the ALJ did not properly consider Dr. Ippolito's 2019 opinion. (Dkt. No. 7 [Pl.'s Mem. of Law]).

### B. Defendant's Arguments

Defendant responds that the RFC was supported by substantial evidence and the ALJ's analysis of Dr. Ippolito's 2019 opinion was appropriate under the regulations. (Dkt. No. 9 at 9-17 [Def.'s Mem. of Law].)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### A.     Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation

process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

**IV.   ANALYSIS**

Plaintiff argues the ALJ did not properly consider the opinion evidence of record, particularly a 2019 opinion from consultative examiner Dr. Ippolito. (Dkt. No. 6). Plaintiff asserts that the ALJ relied upon cherry picked and mischaracterized evidence to reject the disability-supporting portions of the 2019 opinion and remand is necessary. (Dkt. No. 6 at 10). The Court does not agree.

The RFC determination is "the most [a claimant] can still do despite [her] limitations," and is based upon all the relevant evidence in the case record. 20 C.F.R. § 416.945(a); Social Security Ruling (SSR) 96-8p, 1996 WL 374184 (Jul. 2, 1996). Plaintiff filed her claim on June 21, 2019, thus the Commissioner's new regulations govern the evaluation of medical opinions apply to plaintiff's case. Under the new regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a). Rather, the ALJ must evaluate the persuasiveness of each medical opinion in the record in light

of its supportability, its consistency, the relationship between the medical source and the claimant, the source's specialization in a relevant medical field, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id*. § 416.920c(c)(1)-(c)(5). Of these factors, the most important are supportability and consistency.

At issue in this case are two opinions from consultative psychological examiner Janine Ippolito, Psy.D.. In June 2018, a year prior to the relevant period and in connection with a prior application, Dr. Ippolito examined the plaintiff and documented mostly normal findings, including cooperative behavior, adequate manner of relating, social skills, and overall presentation, appropriate eye contact, and fair insight and judgment. (Tr. 34 *citing* Tr. 549-50). She concluded plaintiff had no more than moderate limitations in basic work-related mental activities. (Tr. 550-51). Fifteen months later, in September 2019, Dr. Ippolito performed another consultative examination and documented largely similar findings. (Tr. 35 *citing* Tr. 603-04). Dr. Ippolito opined essentially the same limitations except for a moderate to marked limitation interacting adequately with supervisors, co-workers, and the public, and marked limitations in regulating emotions, controlling behavior, and maintaining well-being. (Tr. 604-05).

In accordance with the regulations, the ALJ discussed the relevant factors of supportability and consistency, finding the 2018 opinion persuasive and the 2019 opinion persuasive in part. (Tr. 35-36). While plaintiff disagrees with how the ALJ considered the medical opinion evidence of record, an ALJ has discretion to resolve genuine conflicts in the evidence. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002).

Furthermore, an ALJ is entitled to "choose between properly submitted medical opinions." *Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016) (citations omitted).

As the ALJ explained, Dr. Ippolito's 2018 opinion was "well supported by her own examination," and her "findings [were] further corroborated by the generally normal mental status examinations in the record." (Tr. 35, 549-50 (Dr. Ippolito's contemporaneous mental status examination documenting largely normal findings), 558 (treating providers' normal mental status examination), 561 (same), 565 (same) 580 (same), 581 (same); *see* 20 C.F.R. § 416.920c(b)(2) (explaining supportability and consistency are the two most important factors when assessing the persuasiveness of an opinion)). ALJ McCormack further explained that the greater limitations found in the 2019 opinion were not well-supported by or consistent with the record, including the June 2018 evaluation by Dr. Ippolito. (Tr. 36; *see* 20 C.F.R. § 416.920c(b)(2)).

Plaintiff concedes that the ALJ did provide an explanation for his decision to reject the disability supporting limitations in the 2019 opinion. (Dkt. No. 7 at 15). Indeed, the ALJ noted that the moderate limitations included in the opinion were "supported by the generally normal mental status examinations in the record," and that the more restrictive limitations were "inconsistent with the psychotherapy progress notes" and "the clinical findings and opinion rendered only 15 months earlier." (Tr. 36).

Plaintiff then argues the ALJ cherry-picked and mischaracterized the medical evidence and activities of daily living when assessing the consistency factor of the 2019 opinion. (Dkt. No. 6 at 13-14). In spite of plaintiff's assertion, a review of the decision reveals the ALJ properly evaluated the opinion, finding Dr. Ippolito's overly restrictive limitations were inconsistent with the majority of the evidence. (Tr. 36). 20 C.F.R. §

416.920c(c)(2) (stating that the more consistent a medical opinion or prior administrative medical finding is with the evidence from other medical sources, the more persuasive it will be). For instance, although Dr. Ippolito opined that plaintiff had moderate to marked limitation interacting with others, psychotherapists repeatedly observed plaintiff engaged well. (Tr. 33-34 citing Tr. 579, 580, 581, 622, 627, 668, 672, 674). The ALJ also highlighted that the State agency psychological consultants reviewed the record, and determined that plaintiff had no more than moderate limitations in basic work-related mental activities. (Tr. 36 citing Tr. 135-37, 149-50). The ALJ reasonably found such evidence inconsistent with Dr. Ippolito's overly restrictive limitations in 2019.

Moreover, despite Dr. Ippolito opining that plaintiff had marked limitations managing oneself, plaintiff was able to care for her young child. (Tr. 36, 338, 550, 604, 674). Plaintiff argues that her testimony is evidence of greater limitations in this area, however her testimony conflicts with other evidence of record. (Dkt. No. 6 at 14-15). ALJ McCormack duly noted that plaintiff told Dr. Ippolito in 2019 that she was able to do childcare, and thereafter, reported homeschooling her son. (Tr. 34-35 citing Tr. 604, 674). Consistent with these reports, plaintiff reported on her prior application paperwork in March 2018 that she did everything for her son and told Dr. Ippolito in June 2018 that she spent a typical day taking care of her children. (Tr. 338, 550).

Beyond caring for her child, the ALJ also referenced activities of daily living which were inconsistent with the restrictive limitations in interacting and relating with others. (Tr. 36). ALJ McCormack pointed out that plaintiff told Dr. Ippolito in 2019 that she was able to provide childcare, she had a boyfriend and interacted with his family, and she kept in touch with her mother. (Tr. 35 citing Tr. 604). Thereafter, plaintiff was "excited"

about an upcoming family trip to Disneyworld. (Tr. 34 citing Tr. 670). The ALJ did not mischaracterize plaintiff's self-reports but rather, as was his duty, he found they were not consistent with marked limitations in her ability to interact and socialize as opined by Dr. Ippolito.

Plaintiff specifically attacks the ALJ's assessment of inconsistency and his comparison of the 2019 limitations with the unremarkable mental health records. (Dkt. No. 6 at 13). To be sure, the ALJ reasoned that the extreme limitations of the 2019 opinion were "inconsistent with the psychotherapy progress notes that show[] no specific concerns in these areas and the generally normal mental status examinations [of record]." (Tr. 36). Plaintiff mistakenly argues that the psychotherapy records did not contain mental status examinations (Dkt. No.6 at 13), as the ALJ specifically cited unremarkable mental status examinations with her psychotherapist, as well as, with her primary care physician on multiple occasions. (Tr. 33 citing 558, 561, 565, 567, 570, 580-81).

Next, plaintiff questions the ALJ's consideration of the supportability factor and asserts the ALJ was not permitted to rely upon the June 2018 opinion when evaluating the September 2019 opinion. (Dkt. No. 7 at 14-15). Contrary to plaintiff's arguments, the regulations do not preclude analysis of evidence that predates the alleged onset date. See 20 C.F.R. § 416.920(a)(3) (We will consider all evidence in your case record when we make a determination or decision whether you are disabled). Further, the case law cited by plaintiff in her brief have significantly different fact patterns. Primarily, the case law relied upon by plaintiff addressed medical opinions that were rendered after the relevant period and not retrospective. (Dkt. No. 6 at 14 citing *Smith v. Comm'r of Soc.*

*Sec.*, 351 F. Supp.3d 270, 285-86 (W.D.N.Y. 2018); *Gibson v. Comm'r of Soc. Sec.*, 2018 WL 2085635, at *6 (N.D.N.Y. May 3, 2018); *Derrick B. v. Comm'r of Soc*. Sec. 2022 WL 765269, at *6 (W.D.N.Y. Mar. 14, 2022)). The case at hand also does not deal with prior evidence impacting plaintiff's credibility. (Dkt. No. 6 at 14 citing *Ehnes v. Colvin* 2018 WL 739098, at *5 (W.D.N.Y. Feb. 6, 2018)).

Rather, the ALJ appropriately considered the supportability of Dr. Ippolito's 2019 opinion with her own prior examination and findings in 2018. 20 C.F.R. § 416.920c(b)(2). At no time did plaintiff allege her impairments had deteriorated or increased in intensity over time. Additionally, Dr. Ippolito offered no explanation for opined marked limitations in 2019 despite similar findings in 2018 with only moderate limitations opined. The ALJ reasonably analyzed the medical evidence and thoroughly discussed which opinion was consistent and supported by the record as necessitated under the regulations in order to resolve the conflict.

ALJ McCormack reasonably found the overly restrictive limitations conflicted with other evidence of record, namely treating providers' observations, normal findings, and activities of daily living. While plaintiff identifies other evidence that she claims support Dr. Ippolito's significant limitations, under the substantial evidence standard of review, that is not enough to warrant remand. The threshold for substantial evidence is quite low. *See Biestek v. Berryhill*, 139 S.Ct. at 1154 (2019). Plaintiff has not shown that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. Apr. 6, 2022) ("Under our very deferential standard of review, we cannot say that no reasonable factfinder could have reached the same conclusion . . . .").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 7) is

**<u>DENIED</u>**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is

**<u>GRANTED</u>**.


Dated: April 9, 2024                                     <u>J. Gregory Wehrman</u> *J.G.W.*
Rochester, New York                                  HON. J. Gregory Wehrman
                                                                    United States Magistrate Judge